IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHERYL THOMAS, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )   CIVIL ACTION NO. 1:20-00273-KD-N |
| | ) |
| KILOLO KIJAKAZI, *Acting* <br> *Commissioner of Social Security*, <br>     Defendant. | ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

### I.   *Procedural Background*

On May 14, 2020, Plaintiff Cheryl Thomas, through counsel, brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* (*See* Doc. 1). After granting Thomas leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915 (*see* Doc. 3), the Court entered its standard Social Security Scheduling Order (Doc. 5) and served the Defendant Commissioner of Social Security with process.

After being granted several extensions (*see* Docs. 11, 13, 15, 17), the Commissioner filed her answer, together with a transcript of Thomas's administrative proceedings, on April 1, 2021. (*See* Docs. 18, 19). Under paragraph 3 of the Social Security Scheduling Order, "[w]ithin thirty (30) days of the filing of the transcript and answer," Thomas was to file "a Brief and Fact Sheet which lists the

specific errors upon which plaintiff seeks reversal of the Commissioner's decision[,]" with the brief not to exceed 20 pages in length. (Doc. 5, PageID.30). However, the Court subsequently granted Thomas's counsel two extensions in which to file her brief and fact sheet, with the last deadline being August 2, 2021. (*See* Docs. 20, 21, 22, 23).

It later came to the undersigned's attention that Thomas's attorney of record, Wendy A. Pierce, passed away on June 30, 2021,[1] after the second extension (Doc. 23) was granted. Pierce did not file a brief and fact sheet on Thomas's behalf prior to her death, and as of August 18, 2021, no new counsel had entered an appearance for Thomas. Therefore, on that date, the undersigned entered an order extending the deadline for Thomas to file and serve her brief and fact sheet in accordance with paragraphs 3 and 5 of the Social Security Scheduling Order (Doc. 5) to October 22, 2021. (Doc. 24). That order also advised Thomas "that, unless and until she obtains new counsel, she bears the sole responsibility of handling her case, which includes timely filing the … brief and fact sheet, following all other court orders, and complying with all applicable laws and rules of procedure." (*Id.*, PageID.972). The order further warned Thomas that her failure to file her brief and fact sheet by the new deadline would "result in entry of a recommendation that the Court dismiss this action for failure to prosecute and/or to obey a court order." (*Id.*, PageID.971). To date, Thomas has failed to file her brief and fact sheet as directed, either *pro se* or

---

[1] *See* https://www.wolfefuneralhomes.com/obituary/wendy-pierce (last visited Nov. 2, 2021).

through new counsel. She has also not moved for additional time to do so, nor has she otherwise contacted the Court about this action.[2]

## II. *Analysis*

"[O]nce a *pro se* IFP litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure[,]" and can be subject to sanctions for "failure to comply with court orders." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *See also United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (leniency shown to *pro se* parties nevertheless does not give a court license to serve as *de facto* counsel"). Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it[,]" Fed. R. Civ. P. 41(b), and a "district court may *sua sponte* dismiss a case under Rule 41(b). *Brutus v. IRS*, 393 F. App'x 682, 683 (11th Cir. 2010) (per curiam) (unpublished) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). *See also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with

---

[2] The undersigned directed the Clerk of Court to send copies of the August 18 order to Thomas by both certified and standard first-class U.S. mail at her address provided in the administrative transcript. (*See* Doc. 24, PageID.975). U.S. Postal Service electronic records indicate that an "authorized agent" signed for the certified mailing on August 21, 2021 (*see* Doc. 25), and to date neither mailing sent to Thomas has been returned to the Court as undeliverable.

applicable law."). Additionally, "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute," which "can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). "*Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.' " *Brutus*, 393 F. App'x at 683-84 (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where[, as here,] the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837.

"[A] dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (quotation omitted). Where dismissal of a complaint without prejudice has the effect of precluding a plaintiff from refiling her claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). In actions such as this seeking judicial review of a final decision of the Commissioner, the action must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42

U.S.C. § 405(g). Here, the Commissioner's decision became final when the Appeals Council sent notice denying review of the administrative law judge's unfavorable decision on August 8, 2017. (Doc. 19, PageID.78) Thus, absent an allowance of additional time by the Commissioner, dismissal of Thomas's case without prejudice at this point would be tantamount to dismissal with prejudice.

The undersigned finds that dismissal without prejudice, even though it may have the same effect as a dismissal with prejudice, is still an appropriate sanction in this action for Thomas's failure to obey the Court's prior order and to otherwise prosecute this case. As noted above, the undersigned's August 18 order expressly advised Thomas that she was responsible for handling her case unless and until she obtained new counsel, that she was required to file her brief and fact sheet in accordance with the Social Security Scheduling Order by October 22, 2021, and that her failure to do so would result in dismissal of her case. That order was sent to Thomas at the address she had on file with the Social Security Administration, and there is no indication she did not receive it. To date, no new counsel has appeared for Thomas, and Thomas herself has not responded to the August 18 order in any way. Thus, the record shows clear delay and/or contumacious conduct.

Moreover, the undersigned finds that lesser sanctions than dismissal will not suffice in this instance. Without a brief on file from Thomas arguing the specific errors upon which she seeks reversal of the Commissioner's final decision, the Commissioner and the Court are left only to guess at the grounds for which Thomas seeks reversal, and this case is at a standstill. The Commissioner is unable to defend

her final decision to the Court if she does not know the grounds on which Thomas claims error, and the Court cannot independently review the record in search of errors in the Commissioner's decision that may merit reversal, as to do so would be impermissibly serving as Thomas's *de facto* counsel. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers … Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotation omitted)).

### III.  *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 41(b) and/or the Court's inherent power as a sanction for Thomas's failure to prosecute and obey a court order, and that final judgment be entered accordingly in favor of the Commissioner under Federal Rule of Civil Procedure 58.

**DONE** this the 19th day of November 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.